**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**KENNETH WHITE**                                                                              **PLAINTIFF**

**v.**                                    **NO. 4:16CV00238 SWW/PSH**

**STOVALL,** *et al.*                                                                          **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections:**

The following Proposed Findings and Partial Recommendation have been sent to United States District Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**II.     Discussion:**

Before docketing the complaint, or as soon thereafter as practicable, a prisoner's complaint must be reviewed to identify cognizable claims and must be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

Plaintiff Kenneth White, an inmate housed at the Ouachita River Unit, Arkansas Department of Corrections, filed this lawsuit without the help of a lawyer and is proceeding *in forma pauperis*. (Doc. No. 1, 15) White's initial complaint was deficient, he was given an opportunity to amend, and he recently filed an amended complaint. (Doc. No. 21)

White alleges that he has been falsely imprisoned for 287 days. (Doc. No. 23, p.1) He states that although his parole was allegedly reinstated, he has been held without parole. He claims he should be released from custody. The complaint must be dismissed because such claim would necessarily imply the invalidity of his continued imprisonment. *See Heck v. Humphry*, 512 U.S. 477, 486-487 (1994) (if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*). White must first exhaust his state remedies, and after he has done so, he may file a proper federal habeas petition. *Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007) (explaining that a petitioner generally must fully exhaust all available state remedies before commencing a federal *habeas* action to invalidate his commitment).

**III.    Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1.    White's complaint be DISMISSED WITHOUT PREJUDICE for failure to

state a claim upon which relief may be granted.

      2.     This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

      3.     The court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

      4.     All pending motions be denied as moot.

Dated this 9th day of August, 2016.

                                           _____
                                           UNITED STATES MAGISTRATE JUDGE